MICHAEL ZORKIN (Bar No. CA 313308)
THE ZORKIN FIRM
Email: mz@thezorkinfirm.com
6320 Canoga Ave., 15th Floor
Woodland Hills, California 91367
Telephone: 323.493.8075

Attorney for Defendant and Counterclaimant
Golden Sphinx Limited

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Garry Y. Itkin, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Golden Sphinx Limited, a limited liability company incorporated in the Isle of Jersey; and Does 1-10, inclusive<br><br>Defendant.<br><br>Golden Sphinx Limited, a limited liability company incorporated in the Isle of Jersey,<br><br>　　　　Counterclaim Plaintiff,<br><br>　v.<br><br>Garry Y. Itkin, an individual; and Does 1-10, inclusive<br><br>　　　　Counterclaim Defendant. | No. 2:21−cv−04907 JAK (RAOx)<br><br>Assigned to Hon. John A. Kronstadt<br><br>**GOLDEN SPHINX'S OPPOSITION TO MOTION TO DISMISS**<br><br>Hearing Date: April 18, 2021<br>Hearing Time: 8:30 a.m.<br><br>Complaint filed: May 26, 2021 |

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................... 1

FACTUAL BACKGROUND .................................................................................... 2

ARGUMENT ............................................................................................................. 2

I.  SET-OFF CAN BE BROUGHT AS A COMMON-LAW AFFIRMATIVE CLAIM IF THE AMOUNT OF THE SET-OFF EXCEEDS THE AMOUNT SOUGHT BY THE PLAINTIFF. ................................................................... 2

    A.  Section 431.70 is not the sole authority for a set-off claim. ................. 2

    B.  No court has held that a set-off cannot be asserted as a counterclaim. . 3

II.  THE COUNTERCLAIMS ARE NOT TIME-BARRED. ............................... 5

    A.  The discovery rule requires denial of the motion. ................................ 5

    B.  The factual disputes raised by Mr. Itkin require denial of the motion. . 6

    C.  The doctrine of equitable tolling requires denial of the motion. ........... 7

        1.  Mr. Itkin received timely notice of the claims against him. ......... 8

        2.  Mr. Itkin will suffer no prejudice. ................................................. 9

        3.  Golden Sphinx acted reasonably and in good faith. ................... 10

III.  LEAVE TO AMEND SHOULD BE GRANTED ......................................... 10

IV.  CONCLUSION .............................................................................................. 10

# INTRODUCTION

The crux of this case is simple. Mr. Itkin wants to recognize a foreign default judgment he procured by fraud. However that issue is decided, Mr. Itkin cannot escape liability for taking millions in money and property from Golden Sphinx. In the end, justice demands that Mr. Itkin account to Golden Sphinx before he can recover anything under the foreign judgment. This motion should be denied.

Mr. Itkin does not dispute the allegations and looks to evade liability on disputed grounds beyond the counterclaims. Mr. Itkin makes two arguments, (1) a set-off can never be raised in a counterclaim and (2) the statute of limitations bars the counterclaims. Neither is right.

**Set-off.** There is no authority holding that a set-off cannot be asserted in a counterclaim, especially when the amount of the set-off exceeds Mr. Itkin's possible recovery. Mr. Itkin's authority tackles only whether a party may recover damages via a set-off defense pled in an answer. That is not the scenario here. A better reading of the case law shows that a set-off may be asserted offensively when the claims are not time-barred but must only be asserted defensively where the statute of limitations has run.

**Statute of Limitations.** A motion to dismiss cannot be granted where it is not beyond doubt that the claims are time-barred. Here, factual disputes abound and the discovery rule and equitable tolling prevents dismissal. Mr. Itkin argues that the claims against him accrued either when he was removed from the board or when he took control of Golden Sphinx's bank accounts. This is not only factually inaccurate and but also not what the FAC says. The FAC says that Mr. Itkin concealed and prevented Golden Sphinx from discovering his wrongful acts. The accrual date is thus a disputed fact. Also, because Mr. Itkin admits he was on notice of similar claims against him since 2017, when Golden Sphinx sued him in state court, the doctrine of equitable tolling prevents dismissal.

In sum, Mr. Itkin chose to sue in this Court even though he obtained the judgment in 2016 and the state-court case has been pending since 2017. He cannot complain that Golden Sphinx wants a set-off and an accounting for the money and property Mr. Itkin took from Golden Sphinx. Basic fairness suggests that this motion should be denied.

## FACTUAL BACKGROUND

Simply stated, the FAC alleges that Mr. Itkin took money from Golden Sphinx's bank accounts and used it for his own benefit. (FAC ¶¶ 19, 29.) Mr. Itkin also transferred promissory notes and corporate shares from Golden Sphinx to himself. (FAC ¶¶ 21, 31.) Mr. Itkin has concealed and continues to conceal his wrongful acts. (FAC ¶¶ 20, 30.) What's more, Mr. Itkin has refused to turn over the books and records of Golden Sphinx after his removal from the board thus preventing Golden Sphinx from discovering Mr. Itkin's acts. (FAC ¶ 14.)

## ARGUMENT[1]

### I. SET-OFF CAN BE BROUGHT AS A COMMON-LAW AFFIRMATIVE CLAIM IF THE AMOUNT OF THE SET-OFF EXCEEDS THE AMOUNT SOUGHT BY THE PLAINTIFF.

**A. Section 431.70 is not the sole authority for a set-off claim.**

Set-off is an equitable doctrine that "eliminates a superfluous exchange of money between the parties." *Los Angeles Unified Sch. Dist. v. Torres Constr. Corp.*, 57 Cal. App. 5th 480, 500 (2020). Mr. Itkin argues that set-off is only available as an affirmative defense under section 431.70. This is a much too limited view of set-off and a much too expansive view of section 431.70. Golden Sphinx does not rely on section 431.70 to state its claim. Enacted in 1971, neither

---

[1] The Court can deny the motion without reaching the merits for violating L.R. 7-3. Mr. Itkin's meet and confer effort as to the FAC consisted of one letter sent on a Sunday, a day before his deadline to file a responsive pleading. *See* Fed. R. Civ. P. 15 (Defendant must respond within 14 days after service of the amended complaint.) Then, 48 days after the FAC and 35 days after the single letter, Mr. Itkin filed this motion with no further contact.

section 431.70, nor other statutes codifying the right to set-off,[2] are "independent source[s] of law governing setoff" but merely "preserve the common-law right of setoff." *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1399 (9th Cir. 1996). Indeed, the California Supreme Court has held that section 431.70 "does not alter the substantive law of setoff." *Kruger v. Wells Fargo Bank*, 11 Cal. 3d 352, 362 (1974).

This Court should reject Mr. Itkin's attempt to confine set-off to section 431.70. This section applies in a narrow manner: when one of the cross-demands is time-barred. If so, section 431.70 allows set-off as an affirmative defense "notwithstanding" the statute of limitations. This makes sense because it would be unfair for one party to wait until an opposing claim is time-barred to sue. Section 431.70 also limits recovery to "the value of the relief granted to the other party" when the claim is time-barred. In so drafting section 431.70, the legislature envisioned the scenario where a non-time-barred set-off claim is asserted as a counterclaim to recover more than "the value of the relief granted to the other party." Here, the set-off demand exceeds Mr. Itkin's claim and section 431.70 does not control.

### B. No court has held that a set-off cannot be asserted as a counterclaim.

"Under the Federal Rules of Civil Procedure, a defendant's claim of setoff against a plaintiff is to be made by means of counterclaim in its answer to the complaint." *Valley Disposal Inc. v. Centr. Vermont Solid Waste Mgmt. Dist.,* 113 F.3d 357, 364 (2d Cir.1997).[3]

---

[2] *See, e.g.*, Cal. Civ. Proc. Code § 666; 11 U.S.C. 553.

[3] *See also Los Angeles Unified Sch. Dist. v. Torres Constr. Corp.*, 57 Cal. App. 5th 480, 499 (2020) ("Torres alleged a setoff affirmative defense, and also claimed a setoff in its cross-complaint."); *United States v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142, 1156 (C.D. Cal. 2005) (denying motion to dismiss a set-off counterclaim on similar grounds); Federal Civil Procedure Before Trial ¶ 8:1098 (The Rutter Group 2021) ("A counterclaim is also appropriate for any setoff.").

Mr. Itkin relies chiefly on the California Supreme Court's decision in *Constr. Protective Servs., Inc. v. TIG Specialty Ins. Co.*, 29 Cal. 4th 189 (2002) for the proposition that a set-off can never be an affirmative claim. That Court held no such thing. To the contrary, the Court held that a cross-complaint must be filed to recover affirmative relief on a set-off claim. *Id.* at 198.

In *Construction Protective Services*, the issue was whether a set-off asserted in the answer can lead to damages, thus triggering an insurer's duty to defend. *Id.* at 193. The Court held that a set-off pled in an answer cannot result in affirmative relief. *Id.* Rather, "the defendant [that] seeks affirmative relief in its favor (such as the recovery of damages), [] must file a cross-complaint because section 431.30, subdivision (c), bars it from claiming affirmative relief by way of the answer." *Id.* at 198.

Golden Sphinx agrees with the Court's holding—a set-off claim asserted in an answer, not a counterclaim, cannot result in affirmative relief. But nothing in the decision suggests that a counterclaim for a set-off is forbidden. At the outset, the Court wondered why the defendant to the underlying suit did not file a cross-complaint. *Id.* at 193 ("The complaint does not explain why SHC asserted its claim by way of a section 431.70 setoff rather than a cross-complaint."). The key difference between this case and *Construction Protective Services* is that Golden Sphinx counterclaimed and does not contend that damages are available via an answer.

The Court's analysis of section 431.70 cements this point. The Court explained that section 431.70 is a limitation on time-barred damages—not the sole authority for a set-off claim. *Id.* at 198; *see also*, *Kruger*, 11 Cal. 3d at 362. In other words, section 431.70 does not prevent an affirmative set-off claim, it merely allows set-off to be used defensively after the claim giving right to a set-off becomes time-barred.

No authority has been cited showing that a set-off cannot be asserted offensively. At most, this is an unsettled issue of California law and this Court should not dismiss this claim at the pleading stage.

## II. THE COUNTERCLAIMS ARE NOT TIME-BARRED.

Unjust enrichment is an equitable claim designed to prevent injustice. *Pro. Tax Appeal v. Kennedy-Wilson Holdings*, 29 Cal. App. 5th 230, 238 (2018). "Equitable relief is by its nature flexible; a remedy for every wrong." *Advanced Micro Devices, Inc. v. Intel Corp.*, 9 Cal. 4th 362, 390 (1994); *Dunkin v. Boskey*, 82 Cal. App. 4th 171, 195 (2000).

Golden Sphinx asks this Court to use its "broad equitable powers to fashion a remedy which would prevent [Mr. Itkin] from being unjustly enriched at [Golden Sphinx's] expense." *Martin v. Kehl*, 145 Cal. App. 3d 228, 237 (1983). Mr. Itkin does not dispute the allegations against him. Instead, he hinges the motion on the statute of limitations. The statute of limitations does not aid Mr. Itkin at this stage. This is because "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). In other words, the motion must be denied if "the action may be, but is not necessarily, barred." *Guardian N. Bay, Inc. v. Superior Ct.*, 94 Cal. App. 4th 963, 971 (2001).

### A. The discovery rule requires denial of the motion.

"A cause of action under this discovery rule accrues when plaintiff either (1) actually discovered his injury and *its negligent cause* or (2) could have discovered injury and *cause* through the exercise of reasonable diligence." *Alexander v. Exxon Mobil*, 219 Cal. App. 4th 1236, 1251 (2013) (emphasis original, cleaned up.) "When a plaintiff reasonably should have discovered facts for purposes of the

accrual of a case of action or application of the delayed discovery rule is generally *a question of fact.*" *Id.* at 1252 (emphasis added).

The allegations in the FAC, which the court must accept as true, defeat Mr. Itkin's arguments at the pleading stage under the discovery rule:

- "Mr. Itkin concealed and continues to conceal the full extent of his misappropriations from Golden Sphinx. The dates and amounts of every misappropriation is known only to Mr. Itkin and not to Golden Sphinx." (FAC ¶ 30).
- "Once Mr. Itkin was removed as director, he was required to return all records and books of Golden Sphinx to his successor but has not done so. By not returning the books and records, Mr. Itkin prevented the next director, shareholders, and trustees from discovering Mr. Itkin's dishonest acts." (FAC ¶ 14).

### B. The factual disputes raised by Mr. Itkin require denial of the motion.

Mr. Itkin's reliance on the wrong accrual dates creates a factual dispute that requires denial of the motion. *First,* Mr. Itkin asks for judicial notice of a corporate resolution removing him from the board of Golden Sphinx in 2017.[4] Thus, Mr. Itkin argues Golden Sphinx was aware of the facts constituting unjust enrichment at that time. (Mot., at 7:25-28.) The FAC has no allegations to this effect.

But the date of Mr. Itkin's removal from the board, even if accepted, does not warrant dismissal based on the statute of limitations—it is irrelevant to the claims against Mr. Itkin. The FAC does not allege that Mr. Itkin was removed because Golden Sphinx discovered that he has been stealing money—that came later. He was removed for acts unrelated to this case, mainly for trying to terminate the Sabadash family trust. At least, there is a factual dispute on this point.

---

[4] Judicial notice of a private corporate resolution is improper—corporate documents are subject to judicial notice when publicly available. *See generally Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1031 (C.D. Cal. 2015).

6
OPPOSITION TO MOTION TO DISMISS

*Second*, Mr. Itkin's argument that the claim accrued when he took control of Golden Sphinx's bank accounts is mistaken. (Mot., at 9:1-3.) Mr. Itkin was appointed director of Golden Sphinx in 2000. He has had access to the accounts since then—access and control is not the issue; taking money is. Nowhere does the FAC allege that Golden Sphinx knew that Mr. Itkin was taking money before the 3-year limitation period lapsed.

In any case, Mr. Itkin's argument that "[t]he statute does not restart every time Itkin moves money around" is plain wrong. (Mot., at 9:3-4.) Each quantifiable bad act triggers its own statute of limitations. *See Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1192 (2013) ("[A] series of wrongs or injuries may be viewed as each triggering its own limitations period, such that a suit for relief may be partially time-barred as to older events but timely as to those within the applicable limitations period."); *Gilkyson v. Disney Enterprises, Inc.*, 244 Cal. App. 4th 1336, 1341–42 (2016) (same). And this issue cannot be settled on the pleadings.

As just one example, Golden Sphinx learned in 2019 – well-within the three-year statute of limitations – that Mr. Itkin transferred almost $500,000 from one of its bank accounts to himself. Mr. Itkin concealed this fact and Golden Sphinx was forced to serve a subpoena on the bank (which Mr. Itkin unsuccessfully tried to quash.) This pattern of behavior makes Mr. Itkin's appeal to the statute of limitations hollow.

### C. The doctrine of equitable tolling requires denial of the motion.

Golden Sphinx has sued Mr. Itkin in state court for, among other things, breach of fiduciary duty, fraudulent concealment, and conversion in 2017. (FAC ¶ 23.) The state court lawsuit tolls the statute of limitations for similar claims. "The equitable tolling doctrine requires that the same wrong serve as the predicate for the earlier and later proceedings to make sure defendant received proper notice. In this

7
OPPOSITION TO MOTION TO DISMISS

way, defendant is protected from stale claims." *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1141 (9th Cir. 2001); *see Mojica v. 4311 Wilshire, LLC*, 131 Cal. App. 4th 1069, 1073 (2005) (reversing demurrer because equitable tolling stopped the statute of limitations from expiring on state court claims while a federal complaint on similar facts was pending.)

Equitable tolling is a fact intensive inquiry that prevents a resolution on the pleadings. "[W]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993).

"At a minimum, determining the applicability of equitable tolling necessitates resort to the *specific* circumstances of the prior claim: parties involved, issues raised, evidence considered, and discovery conducted. Thus, the question ordinarily requires reference to matters outside the pleadings, and is not generally amenable to resolution on a Rule 12(b)(6)." *Id.* at 1276 (emphasis original, cleaned up). Courts thus routinely hold that "equitable tolling is not properly resolved at the pleading stage." *Id.* at 1277. Indeed, "only in the rare case could the inquiry proceed at the pleading stage." *Daviton*, 241 F.3d at 1140.

On the merits, courts apply a three-pronged test. "A plaintiff's pursuit of a remedy in another forum equitably tolls the limitations period if the plaintiff's actions satisfy these factors: 1) timely notice to the defendants in filing the first claim; 2) lack of prejudice to the defendants in gathering evidence for the second claim; and 3) good faith and reasonable conduct in filing the second claim." *Cervantes*, 5 F.3d at 1275. Goldens Sphinx easily meets these elements.

### 1. Mr. Itkin received timely notice of the claims against him.

The first claim must "alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim." *Daviton*,

8
OPPOSITION TO MOTION TO DISMISS

241 F.3d at 1138. This is a "fact-specific and evidence-bound" inquiry that "is not easily resolved as a matter of law, without receiving evidence." *Cervantes*, 5 F.3d at 1276.

Mr. Itkin admits that he has been timely alerted of the claims against him. (*See* Mot., at 3:9-13 "the state court action accuses Itkin of the same conduct as this action [and] seeks the same relief."; Itkin's RJN.) This element is met.

### 2. Mr. Itkin will suffer no prejudice.

The focus of this factor is whether the facts of the two claims are "at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second. The critical question is whether notice of the first claim affords the defendant an opportunity to identify the sources of evidence which might be needed to defend against the second claim." *Cervantes*, 5 F.3d at 1276 (cleaned up). "In terms of the underlying policies of the statutes of limitation, *it is irrelevant whether those two claims are alternative or parallel, consistent or inconsistent, compatible or incompatible*." *Daviton*, 241 F.3d at 1138 (emphasis original, quoting *Collier v. City of Pasadena,* 142 Cal. App. 3d 917, 191 (1983).) *see also Stalberg v. W. Title Ins. Co.*, 27 Cal. App. 4th 925, 933 (1994) ("The "prejudice" which may preclude application of the doctrine of equitable tolling is prejudice to the defendant's ability to defend a claim *on the merits*.") (emphasis original).

There is no prejudice to Mr. Itkin. Mr. Itkin admits he knew that Golden Sphinx alleged that he owes a great deal of money obtained through exploiting his positions of trust; in Mr. Itkin's words—same accusations and same relief. Mr. Itkin could – and did – gather evidence to defend himself. The case has been pending since 2017, has seen extensive discovery, and Mr. Itkin even filed a cross-complaint. This element is also met.

### 3. Golden Sphinx acted reasonably and in good faith.

Bad faith, the third factor, requires misconduct like "deliberately mislead[ing] the defendant into believing the second claim would not be filed." *Daviton*, 241 F.3d 1138. "That type of bad faith typically involves trifling with the courts or the other party." *Mojica*, 131 Cal. App. 4th at 1074.

Golden Sphinx merely responds to a new lawsuit Mr. Itkin chose to file five years after the default instead of simply counterclaiming in the state court lawsuit. But for this lawsuit, Golden Sphinx was happy to resolve the case in state court. There is no reasonable argument that Golden Sphinx misled Mr. Itkin into believing these counterclaims would not be filed.

### III. LEAVE TO AMEND SHOULD BE GRANTED

"Requests for leave to amend should be granted with extreme liberality." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020).

If needed, Golden Sphinx can amend the FAC to allege that at the time of Mr. Itkin's removal from the board, it had not yet discovered the misappropriation of funds. Golden Sphinx can also add details about dates when it did discover the misappropriations as well as further details to support equitable tolling, as described above.

### IV. CONCLUSION

The Motion should be denied. If needed, leave to amend is warranted.

Dated:      January 12, 2022           THE ZORKIN FIRM

By:/s/ Michael Zorkin
Michael Zorkin
Attorneys for Defendant and Counterclaimant
Golden Sphinx Limited