Jon A. Atabek, Esq. (SBN 269497)
(jatabek@molnaratabek.com)
Christian S. Molnar, Esq. (SBN 177665)
(cmolnar@molnaratabek.com)
Peter Maissian, Esq. (SBN339636)
(pmaissian@molnaratabek.com)
MOLNAR ATABEK LLP
610 Newport Center Dr., Ste. 420
Newport Beach, CA 92660
Telephone: 213.394.5943
Facsimile: 213.402.3413

Boris Treyzon, Esq. (SBN 188893)
btreyzon@actslaw.com
Scott E. McClain, Esq. (SBN 265412)
semcclain@actslaw.com
ABIR COHEN TREYZON & SALO LLP
16001 Ventura Blvd., Ste. 200
Encino, California 91436
Telephone: 310.407.7888
Facsimile: 310.407.7915

Attorneys for Plaintiff and Counter-Defendant GARRY Y. ITKIN

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### FIRST STREET COURTHOUSE

| | |
|---|---|
| GARRY Y. ITKIN, an individual,<br><br>            Plaintiff,<br><br>       v.<br><br>GOLDEN SPHINX LIMITED, a limited liability company incorporated in the Isle of Jersey; and DOES 1-10, inclusive,<br><br>            Defendants. | Case No. 2:21-cv-04907 JAK (RAOx)<br><br>Assigned to Hon. John A. Kronstadt<br><br>**REPLY TO DEFENDANTS' OPPOSITION TO DEMURRER TO FIRST AMENDED COUNTERCLAIM [DKT. NO 13] PURSUANT TO FED. R. CIV. P. RULE 12(B)(6)** |

i
REPLY TO DEFENDANTS' OPPOSITION TO DEMURRER TO FIRST AMENDED COUNTERCLAIM [DKT. NO 13] PURSUANT TO FED. R. CIV. P. RULE 12(B)(6)
(2:21-CV-04907-JAK-RAOX)

10171.12

| | |
|---|---|
| GOLDEN SPHINX LIMITED, a limited liability company incorporated in the Isle of Jersey,<br><br>    Counterclaimant,<br><br>  v.<br><br>Garry Y. Itkin, an individual, and Does 1-10, inclusive,<br><br>    Counter-Defendant. | Date: 04/18/2022<br>Time: 8:30 a.m.<br>Room: 10B<br><br><br>Complaint Filed: 05/26/21<br>Counterclaim Filed: 08/17/21<br>First Amended Counterclaim: 10/25/21 |

Plaintiff Garry Y. Itkin ("Itkin") hereby replies to Defendant Golden Sphinx's ("Golden Sphinx") Opposition to his Demurrer as follows:

## I.   INTRODUCTION

The foundation of Itkin's Motion to Dismiss is that Golden Sphinx's offset argument is improper in a pleading, and the statute of limitations has time barred Golden Sphinx's other claims. Nothing in Golden Sphinx's opposition addresses these fatal-flaws in its counterclaim head on. Golden Sphinx's claim for offset against Itkin is only available as an affirmative defense, and all other potential claims have expired due to the statute of limitations, given the applicable accrual date is the date Itkin allegedly took control of those accounts. Thus, Itkin respectfully requests that this Court grant his Motion to Dismiss with prejudice.

## II.   LEGAL ARGUMENT

### A. Golden Sphinx's claim for offset may only be an affirmative defense.

As Golden Sphinx points out, C.C.P. section 431.70 may not be the sole authority with respect to an offset claim; however, 431.70 applies in a situation when a cross-demand is time-barred.[1] As argued below, that is precisely the case here. Golden Sphinx's claims are long expired, and the proper remedy for offset is as an affirmative defense, not as a cause of action in the FAC.

As Itkin argued in his Motion, Golden Sphinx may only rely on it as an affirmative defense. Golden Sphinx is attempting to argue that any damages awarded to Itkin should be "offset" by whatever alleged theft or fraud they contend that Itkin committed. However, these claims accrued in late 2016 when Itkin was removed from the Board – thus, the statute of limitations has expired and Golden Sphinx's claims are time barred. As such, their exclusive remedy is as an

---

[1] It is worth noting, the case relied on for this proposition by Golden Sphinx, *Newbery Corp. v. Fireman's Fund Ins. Co.*, does not actually address Section 431.70, but rather 11 U.S.C. § 553 of the Bankrupcy Code. 95 F.3d 1392, 1399 (9th Cir. 1996)

1
REPLY TO DEFENDANTS' OPPOSITION TO DEMURRER TO FIRST AMENDED COUNTERCLAIM [DKT. NO 13] PURSUANT TO FED. R. CIV. P. RULE 12(B)(6)
(2:21-CV-04907-JAK-RAOX)

affirmative defense (if at all).

Although Golden Sphinx attempts to discredit it, *Construction Protective Services* is controlling. Section 431.70 was intended to provide relief from applicable statutes of limitation, not to create an affirmative claim for Golden Sphinx to assert. Thus, dismissal of that "claim" is appropriate.

**B. Golden Sphinx's other claims are time barred.**

Itkin has asserted that Golden Sphinx's Counterclaim is time barred by the statute of limitations. In opposition, Golden Sphinx takes the position that equitable relief is warranted. But the law is against them at every turn.

Golden Sphinx attempts to raise "factual disputes" about the timeline that would purportedly warrant an extension of the statute of limitations. However, these arguments fall short. Golden Sphinx's claims against Itkin accrued when knew or should have known of the injury. (*See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).)

Golden Sphinx admits in their First Amended Counterclaim ("FAC") that it was aware of any purported fraud or breaches of fiduciary duty when the shareholders removed Itkin from the board of Golden Sphinx. (Dkt. No. 13 ¶ 13.) Golden Sphinx admits that the shareholders voted to remove Itkin "[u]pon discovery of Itkin's numerous fiduciary breaches and fraudulent actions." (RJN ¶ 2.) Golden Sphinx further admits that it twice reconfirmed its removal of Itkin due to the purported actions in November 2016 and that the removal was ratified on March 28, 2017. (*Id.*)

By any metric, Golden Sphinx's admissions prevent its claims. It had enough information related to the purported fraud to remove Itkin from the Board in late 2016. The FAC asserts that Itkin committed fraud against Golden Sphinx and the Sabadash family – fraud it was aware of in 2016. It is disingenuous to now state that Golden Sphinx was unaware of whatever alleged actions Itkin took. Golden Sphinx was aware of the alleged fraud when they removed Itkin from the Board,

2
REPLY TO DEFENDANTS' OPPOSITION TO DEMURRER TO FIRST AMENDED COUNTERCLAIM [DKT. NO 13] PURSUANT TO FED. R. CIV. P. RULE 12(B)(6)
(2:21-CV-04907-JAK-RAOX)

10171.12

and thus the statute began to run at that point.

It does not matter whether Golden Sphinx knew or knows the details of where Itkin allegedly moved any money after he took control of the accounts. Rather, once Itkin allegedly took control of those accounts and refused to return them, any potential claims accrued. Golden Sphinx has not presented any authority stating otherwise.

### III. CONCLUSION

For the foregoing reasons, Itkin respectfully requests the Court dismiss the Counterclaim with prejudice.

Dated: March 3, 2022

MOLNAR ATABEK LLP

By: */s/ Jon A. Atabek*
JON A. ATABEK

Attorneys for Plaintiff and Counter-Defendant GARRY Y. ITKIN