Kurt Ramlo (State Bar No. 166856)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: KR@LNBYG.com

Attorneys for Defendant and Counterclaimant
Golden Sphinx Limited

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## Western Division

| | |
|---|---|
| GARRY Y. ITKIN,<br><br>    Plaintiff,<br><br>    v.<br><br>GOLDEN SPHINX LIMITED,<br><br>    Defendant,<br><br>And related counterclaim | Case No. 2:21−cv−04907 JAK (RAOx)<br><br>**Joint Status Report Re Bankruptcy** |

Defendant and counterclaimant Golden Sphinx Limited ("**Golden Sphinx**") and Plaintiff and Cross-Defendant Garry Y. Itkin submit this joint status report in accordance with the text-only order entered on March 12, 2025 (DE 70):

*In re Golden Sphinx Limited*

This action remains subject to the automatic stay, as explained below.

The parties' most recent filing, *Golden Sphinx's Supplemental Notice of Commencement of Bankruptcy and Order Under L.R. 83-1.4.1* filed September 12, 2022 (DE 69, the "**Supplemental Notice**"), advised the Court that the United States Bankruptcy Court for the Central District of California (the "**Bankruptcy Court**") presiding over the chapter 15 case entitled *In re Golden Sphinx Limited*,

Case No. 2:22-bk-14320-NB (the "**GSL Chapter 15 Case**"), had entered an order on September 9, 2022 (Bankr. DE 42, the "**Recognition Order**") recognizing as a foreign main proceeding the liquidation proceedings with respect to Golden Sphinx in Jersey, United Kingdom (the "**Jersey Liquidation**"), which initiated the protections of the automatic stay (11 U.S.C. § 362) for Golden Sphinx and its assets.  Alexander Adam and Andrew Wood are the joint liquidators as to the Jersey Liquidation and the foreign representatives (the "**GSL Foreign Representatives**") as to the GSL Chapter 15 Case.  Copies of the recognition order and the motion requesting the order were attached as Exhibits 1 and 2, respectively, to the Supplemental Notice.  The Recognition Order expressly determined that the automatic stay applied to this action:  "The Jersey Liquidation . . . is granted recognition as foreign main proceedings . . . and is entitled to the protections of . . . section 362 of the Bankruptcy Code, including with regard to the . . . Federal Action."  (Ex. 1 ¶ 3, at 4.)

On September 16, 2022, Mr. Itkin filed a motion in the GSL Chapter 15 Case for relief from the automatic stay with respect to this action.  (Bankr. DE 49.) During the adjudication of the motion, the Bankruptcy Court on March 16, 2023 entered an order determining the applicability of the automatic stay as to this action.  (Bankr. DE 71, copy attached as **Exhibit A**.)  That order determined that:

> 1. All proceedings on the cause of action alleged by Mr. Itkin in his Complaint in United States District Court, Central District of California case no. 2:21-CV-04907 (the "Federal Action") [are] stayed pursuant to the automatic stay in 11 U.S.C. section 362(a)(1).
>
> 2. All proceedings on the causes of action alleged by the Debtor in its Counterclaim in the Federal Action are stayed pursuant to the automatic stay in 11 U.S.C. section 362(a)(3).

(Ex. A at 2.)

2

On January 3, 2025, the Bankruptcy Court entered an order denying Itkin's stay-relief motion without prejudice. (Bankr DE 154; copy attached as **Exhibit B**.) As a result, this action remains subject to the automatic stay arising out of the GSL Chapter 15 Case.

## Other Bankruptcy Proceedings

### *In re Aleksandr Vitalievich Sabadash*

A foreign manager of a Russian Federation liquidation proceeding as to Aleksandr Vitalievich Sabadash commenced a Chapter 15 case before the Bankruptcy Court on August 29, 2023 entitled *In re Sabadash*, Case No. 2:23-bk-15574-NB. Plaintiff alleges in a different action that he and Mr. Sabadash were partners in a partnership. Defendant and Counterclaimant Golden Sphinx is owned by a family trust relating to the Sabadash family. The Bankruptcy Court entered an order recognizing the Russian liquidation proceeding on June 21, 2024, but that order remains on an appeal by Mr. Sabadash to a different judge of this Court.

Golden Sphinx is not aware of any reason the automatic stay arising out of the Sabadash Chapter 15 case applies to this action. To the parties' knowledge, no other party in interest to that case has taken a position on the issue.

### *In re Itkin & Sabadash*

On February 19, 2025, Mr. Itkin filed an involuntary Chapter 7 petition with the Bankruptcy Court against the alleged partnership of Itkin & Sabadash entitled *In re Itkin & Sabadash* Case No. 2:25-bk-11235-NB (the "**Partnership Involuntary**"). Mr. Itkin has taken the position that he and Mr. Sabadash formed Itkin & Sabadash as a partnership in the 1990's. In a motion to dismiss the Partnership Involuntary filed on March 20, 2025, Mr. Sabadash disputed the existence of the partnership. A hearing on that motion is scheduled for April 22, 2025. Although the Bankruptcy Court has made no determination as to whether Itkin & Sabadash qualifies as an eligible debtor under title 11 of the United States

///

Code (the "**Bankruptcy Code**"),[1] Mr. Itkin contends that that automatic stay in that case applies to a Beverly Hills residence in which the partnership has an interest and the GSL Foreign Representatives maintain that the property is owned by Golden Sphinx through its subsidiary, New Albion Property Limited, and therefore the automatic stay does not apply to that residence.

With respect to this action, Golden Sphinx is not aware of any reason the automatic stay arising out of the Partnership Involuntary applies. To the parties' knowledge, no other party in interest to the Partnership Involuntary has taken a position on that issue.

## Recommendation

The parties agree that this action remains stayed by the automatic stay arising out of the GSL Chapter 15 Case. The parties suggest that the Court establish a deadline, perhaps one year from now, for the parties to file another joint status report with respect to the automatic stay.

Dated: March 24, 2025
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

By: */s/ Kurt Ramlo*
KURT RAMLO
Attorneys for Defendant and Cross-Complainant Golden Sphinx Limited

---

[1] Notwithstanding anything to the contrary in this status report, nothing in this status report should be construed as an acknowledgment by the GSL Foreign Representatives or Golden Sphinx that Itkin & Sabadash exists or ever existed or otherwise qualifies as a person under section 101(41) of the Bankruptcy Code or as a debtor under section 109(a) of the Bankruptcy Code, or that the filing of the involuntary petition in the *Itkin & Sabadash* proceeding created an estate under section 541 of the Bankruptcy Code or triggered the operation of the automatic stay, or that the automatic stay, if triggered, affects in any way the Beverly Hills residence or proceedings before the Jersey Court or this Court, or any other proceeding.

Dated: March 24, 2025    ABIR COHEN TREYZON SALO, LLP
　　　　　　　　　　　　ATABEK & CO.

　　　　　　　　　　　　By:　　*/s/ Jon Atabek*
　　　　　　　　　　　　　　BORIS TREYZON
　　　　　　　　　　　　　　JON A. ATABEK
　　　　　　　　　　　　Attorneys for Plaintiff and Counter-Plaintiff
　　　　　　　　　　　　Garry Y. Itkin

**Attestation of Signature**

I, Kurt Ramlo, hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Date:　March 24, 2025　　　　　　　By:　*/s/ Kurt Ramlo*

# Exhibit A

Exhibit A

| | |
|---|---|
| **HILL, FARRER & BURRILL LLP**<br>Daniel J. McCarthy (Bar No. 101081)<br>One California Plaza, 37th Floor<br>300 South Grand Avenue<br>Los Angeles, CA  90071-3147<br>Telephone: (213) 621-0802<br>Fax:  (213) 624-4840<br>dmccarthy@hillfarrer.com<br><br>Attorneys for Movant<br>GARRY Y. ITKIN | **FILED & ENTERED**<br><br>MAR 16 2023<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** sumlin    **DEPUTY CLERK** |

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GOLDEN SPHINX LIMITED,<br><br>    Debtor in a Foreign<br>    Proceeding. | Case No. 2:22-bk-14320-NB<br><br>Chapter 15<br><br>**ORDER DETERMINING APPLICABILITY OF AUTOMATIC STAY AND CONTINUING HEARING ON CREDITOR GARRY Y. ITKIN'S MOTION FOR RELIEF FROM STAY (USDC CASE NO. 2:21-CV-04907) [DOCKET NO. 49]**<br><br>DATE:  March 7, 2023<br>TIME:   2:00 p.m.<br>PLACE: Courtroom 1545 |

The "Motion for Relief from the Automatic Stay Under 11 U.S.C. §362" (the "Motion") (docket no. 49) of moving party Garry Y. Itkin ("Mr. Itkin") concerning United States District Court, Central District of California case no. 2:21-CV-04907 came on for continued hearing on March 7, 2023, at 2:00 p.m., in Courtroom 1545 of the above-entitled Court, with prior hearings having occurred on October 11, 2022, November 15, 2022, and February 7, 2023.  Daniel J. McCarthy of Hill, Farrer & Burrill, LLP, appeared remotely on behalf of Mr. Itkin.  Kyle J. Ortiz of Togut, Segal & Segal LLP appeared remotely in opposition to the Motion on behalf of Andrew Wood and Alexander Adam, in their capacities as the joint liquidators and authorized foreign

1  representatives (the "Foreign Representatives") of Golden Sphinx Limited (the "Debtor"). No

2  other appearances were made.

3      The Court, having considered the pleadings and arguments of counsel regarding the

4  Motion, and having made the findings of fact and conclusions of law stated on the record at the

5  October 11, 2022, November 15, 2022 and March 7, 2023 hearings on the Motion, and good

6  cause appearing,

7      **IT IS HEREBY ORDERED:**

8      1.    All proceedings on the cause of action alleged by Mr. Itkin in his Complaint in

9  United States District Court, Central District of California case no. 2:21-CV-04907 (the "Federal

10 Action") is stayed pursuant to the automatic stay in 11 U.S.C. section 362(a)(1).

11     2.    All proceedings on the causes of action alleged by the Debtor in its Counterclaim

12 in the Federal Action are stayed pursuant to the automatic stay in 11 U.S.C. section 362(a)(3).

13     3.    The Motion is denied to the extent it requests that the Order be effective in any

14 future bankruptcy case filed by or against the Debtor.

15     4.    The hearing on the Motion is continued to May 30, 2023, at 2:00 p.m. for the

16 Court to consider whether the Foreign Representatives have had a sufficient "breathing spell" to

17 warrant lifting or modifying the automatic stay, or whether to grant a further continuance, as well

18 as any other relevant changes in the circumstances.

19     //

5. On or before May 16, 2023, the parties shall file a joint status report regarding any matters bearing upon the Motion, and if the parties are unable to agree on a joint report, they each shall file their own report. On or before May 23, 2023, the parties each may file a response brief.

###

Date: March 16, 2023

Neil W. Bason
United States Bankruptcy Judge

# Exhibit B

# Exhibit B

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>LEVENE, NEALE, BENDER, YOO<br>& GOLUBCHIK L.L.P.<br>Kurt Ramlo (SBN 166856)<br>2818 La Cienega Avenue<br>Los Angeles, CA 90034<br>kr@lnbyg.com<br>Telephone: (310) 229-1234<br><br>TOGUT, SEGAL & SEGAL LLP<br>Kyle J. Ortiz (NY 4818571) (admitted pro hac vice)<br>kortiz@teamtogut.com<br>Ronald Howard (NY 5256086) (admitted pro hac vice)<br>rhoward@teamtogut.com<br>Eitan Blander (NY 5693213) (admitted pro hac vice)<br>eblander@teamtogut.com<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>Telephone: (212) 594-5000<br><br>Attorneys to the Foreign Representatives of Golden Sphinx Limited<br><br>☐ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**JAN 03 2025**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** sumlin    **DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>GOLDEN SPHINX LIMITED,<br><br>Debtor in a Foreign Proceeding. | CASE NO.: 2:22-bk-14320-NB<br>CHAPTER: 15 |
|---|---|
| | **ORDER DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (USDC CASE NO. 2:21-CV-04907) [DOCKET NO. 49]** |
| | DATE: December 17, 2024<br>TIME: 2:00 P.M.<br>COURTROOM: 1545 and via ZoomGov<br>PLACE: 255 East Temple St., Los Angeles CA 90012 |
| **Movant:** Garry Y. Itkin | |

1. The Motion was:    ☒ Opposed    ☐ Unopposed    ☐ Not Prosecuted

2. The description of the Property or Nonbankruptcy Action to which this order applies is as follows *(specify street address, legal description, personal property description or Nonbankruptcy Action)*:

   United States District Court, Central District of California case no. 2:21-CV-04907

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                      Page 1                              F 4001-1.RFS.DENY.ORDER

#2877578v1 I8458 002

3. The Motion is denied: ☒ without prejudice ☐ with prejudice ☒ on the following grounds:

   a. ☒ Based upon the findings of fact and conclusions of law made on the record at the hearing
   b. ☐ Unexcused non-appearance by Movant
   c. ☐ Lack of proper service
   d. ☒ Lack of good cause shown for relief from stay
   e. ☐ No stay is in effect under:
      (1) ☐ 11 U.S.C. § 362(c)(2)(A)
      (2) ☐ 11 U.S.C. § 362(c)(2)(B)
      (3) ☐ 11 U.S.C. § 362(c)(3)(A)
      (4) ☐ 11 U.S.C. § 362(c)(4)(A)
   f. ☒ Other *(specify)*:

      The scope of the automatic stay set forth in paragraphs 1 and 2 of this Court's *Order Determining Applicability of Automatic Stay and Continuing Hearing on Creditor Garry Y. Itkin's Motion for Relief from Stay (USDC Case No. 2:21-cv-04907) [Docket No. 49]* [Docket No. 71] (the "**Original Order**") shall remain the Order of the Court.

4. ☐ Movant may not file another motion for relief from the stay in this bankruptcy case absent a court order authorizing the filing of another motion.

5. The Court shall hold a status conference on January 28, 2025 at 2:00 p.m. (the "**Status Conference**").

6. Should there be any developments concerning proceedings before the Royal Court of Jersey which either Party wishes to bring to the Court's attention prior to the Status Conference, either Party may, but is not required to, file a brief status report no later than January 16, 2025.

7. This Order shall supersede the Original Order to the extent the Original Order is inconsistent with this Order.

###

Date: January 3, 2025

*(signed)* Neil W. Bason
Neil W. Bason
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*   Page 2   **F 4001-1.RFS.DENY.ORDER**

#2877578v1 I8458 002